United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY GEISLER, Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-03335 |
| | § | |
| WELLPATH LLC, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Mary Geisler's Motion to Transfer (Dkt. 34) and Defendant H.I.G. Capital Management's Motion to Dismiss (Dkt. 37) under 12(b)(1) and 12(b)(6). This Court finds that Plaintiff Geisler has standing and therefore **DENIES IN PART** the Motion to Dismiss. The Court finds that transfer is appropriate and **GRANTS** the Motion to Transfer. (Dkt. 34). Based on this, the Court concludes that the transferee court is the appropriate venue to decide the 12(b)(6) part of Defendant's Motion. (Dkt. 37).

## I. FACTUAL BACKGROUND

This matter arises from an incident involving an escaped inmate from the Massachusetts Addiction and Substance Center (MASAC), which is located at the Massachusetts Correctional Institution (MCI), in Plymouth, Massachusetts. (Dkt. 1 at p. 3). Defendant Wellpath LLC provided health care services to MASAC and employed Plaintiff Mary Geisler ("Geisler"). *Id.* While driving to work, an escaped inmate from

MASAC stepped in front of Geisler's vehicle and forced his way into her vehicle. *Id.* Plaintiff Geisler is suing Wellpath LLC and its parent company H.I.G. Capital Management ("H.I.G.") for negligence, as well as Correct Care Solutions, LLC d/b/a Wellpath LLC and Wellpath Liquidating Trust. (Dkt. 1).

Wellpath LLC filed for Chapter 11 bankruptcy protection on November 11, 2024. (Dkt. 12 at p. 2). On September 23, 2025, H.I.G. filed a motion to stay pending a ruling of United States Bankruptcy Court for the Southern District of Texas on H.I.G.'s Motion to Enforce the Settlement Orders. (Dkt. 12). This Court granted that stay. (Dkt. 13). Following the ruling from the Bankruptcy Court (Dkt. 24), Defendant H.I.G. filed this pending motion to dismiss (Dkt. 37) and Plaintiff filed a motion to transfer (Dkt. 34).

Defendant H.I.G. argues that "[t]his Court lacks subject-matter jurisdiction under Rule 12(b)(1) because Plaintiff does not own the claims she purports to assert." (Dkt. 37 at p. 2). Defendant further asserts that transfer is not appropriate because this court cannot transfer claims that it does not have jurisdiction to hear. (Dkt. 40 at p. 2). Plaintiff, for her part, argues that she does own her claims because she "does not seek to reach any part of the Defendant's bankrupt estate, but is solely seeking to obtain compensation for her injuries pursuant to any available insurance coverage." (Dkt. 38 at p. 1). She further asserts that transfer is appropriate under 28 U.S.C. §157(b)(5) as the claim arose out of an incident in Massachusetts. (Dkt. 44).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.[1]

---

[1] Because the Court should decide a jurisdictional attack before transfer, the Court does so here. *See Yarto Int'l Grp., L.P. v. Washington Exp., L.L.C.*, No. CIV.A. 3:07-CV-0054L, 2007 WL 2192153, at *2 (N.D. Tex. July 31, 2007) (saying "were the court to lack subject matter jurisdiction over this case, dismissal would be appropriate, and the court would be without power to order a transfer of venue. . . . Accordingly, prior to considering whether venue transfer is warranted, it is incumbent upon the court to address the challenge to its subject matter jurisdiction."); *Uviado, LLC ex rel. Khan v. U.S. ex rel. I.R.S.*, 755 F. Supp. 2d 767, 787–88 (S.D. Tex. 2010) (saying "[a] district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the

**B. 28 U.S.C. § 157(b)(5)**

Section 157(b)(5) provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." *Stern v. Marshall*, 564 U.S. 462, 478 (2011). As the Fifth Circuit has explained "a transfer [under 28 U.S.C. § 157(b)(5)] would permit that district court to determine the appropriate venue, either itself or the federal district court in which the respective action arose originally." *Arnold v. Garlock, Inc*., 278 F.3d 426, 431 (5th Cir. 2001).

## III. ANALYSIS

The Court finds that it does have subject matter jurisdiction to hear Geisler's claims. Defendant argues that Geisler lacks standing because her claims are property of the estate as decided by the Bankruptcy Court. (Dkt. 37 at pp. 7-10). This Court finds that they are not the property of the estate, as they are claims for liability insurance. The Court further finds that transfer is appropriate.

**A. Rule 12(b)(1)**

First, Defendant contests that Plaintiff ever asserted insurance claims. Specifically, Defendant claims that Plaintiff's "'insurance proceeds' theory" was "raised for the first time in her opposition to H.I.G.'s motion to dismiss." (Dkt. 40 at p. 3). However, Plaintiff's

---

subject matter of the action."). However, because the Court finds that transfer is appropriate, it does not reach the parties' arguments under Rule 12(b)(6) and instead reserves this for the transferee court. *See Longhorn Pub. Adjusters LLC v. CardConnect, LLC*, No. 4:25-CV-0925-P, 2025 WL 3653756, at *4 (N.D. Tex. Dec. 17, 2025) (saying that "[t]he Court therefore finds that transferring the lawsuit, without ruling on Defendant's 12(b)(6) motion, is appropriate.").

Complaint, in the first paragraph, asserts claims against H.I.G. "as to tort liability to the Plaintiff to the extent of available insurance" and then again asks for damages "to be paid by Defendant H.I.G. Capital Management LLC's liability insurer or insurers." (Dkt.1 at pp. 1 and 8).

Next, Defendant asserts that Plaintiff's claims are property of the estate. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Educators Group Health Trust*, 25 F.3d 1281, 1283 (5th Cir. 1994) (quoting 11 U.S.C. § 541(a)(1)). "[A]ll legal or equitable interests" has been defined broadly to include causes of action. *Id*. (citing *La. World Exposition v. Fed. Ins. Co*., 858 F.2d 233, 245 (5th Cir. 1988)). Accordingly, if a cause of action belongs to the bankruptcy estate, the trustee has exclusive standing to assert the claim. But, if a cause of action "belongs solely to the estate's creditors, the trustee has no standing to bring the cause of action." *Id*. at 1284. For insurance policies, the Fifth Circuit has said that the *policy* belongs to the estate. *In re Edgeworth*, 993 F.2d 51, 55 (5th Cir. 1993) (saying "Insurance policies are property of the estate because, regardless of who the insured is, the debtor retains certain contract rights under the policy itself."). However, "ownership of a policy 'does not inexorably lead to ownership of the proceeds.'" *Id*. The distinction lies in "whether the debtor would have a right to receive and keep those proceeds when the insurer pays on a claim." *Tech. Lending Partners, LLC v. San Patricio Cnty. Cmty. Action Agency*, No. CV C-07-237, 2010 WL 11579814, at *4 (S.D. Tex. Sept. 2, 2010). "[I]n the liability insurance context, a debtor 'will not have a cognizable interest in the proceeds of the

policy,' because in ordinary circumstances, those proceeds are paid 'only for the benefit of those harmed by the debtor under the terms of the insurance contract.'" *Id.* (quoting *Edgeworth*, 993 F.2d at 56). Here, Plaintiff asserts liability insurance claims and therefore those claims do not belong to the estate, because the estate has no cognizable interest in the proceeds of the policy. (Dkt.1 at pp. 1 and 8).

Defendant further supports its 12(b)(1) argument by saying that the liability claims were released by the bankruptcy court and therefore "[t]he Bankruptcy Court's injunction bars pursuit of liability itself." (Dkt. 40 at p. 3). However, "[t]he Fifth Circuit has held that discharge and injunction are expressly designed to protect only the debtor, and has permitted creditors to bring an action nominally directed against a discharged debtor for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer." *Mata v. Schoch*, 337 B.R. 138, 143 (S.D. Tex. 2005) (cleaned up). This is because an "injunction does not affect the liability of liability insurers and does not prevent establishing their liability by proceeding against a discharged debtor." *Matter of Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993). "[I]t makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge. 'The 'fresh-start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured. Such a result would be fundamentally wrong.'" *Id.* (cleaned up).

Indeed, the Fifth Circuit recently explained their holding in *In re Edgeworth* and its relation to bankruptcy court injunctions. *BPX Prod. Co. v. Certain Underwriters at Lloyd's*

*London*, No. 23-20034, 2025 WL 2952911, at *8 (5th Cir. Oct. 20, 2025). The Court said "[t]o enforce the discharge, the bankruptcy court enjoined the lawsuit. We reversed. We held the plaintiffs 'may pursue their lawsuit against [the physician] in order to collect any judgment solely from the proceeds of his malpractice liability policy' because the bankruptcy discharge does not bar 'such liability-fixing suits even if a plaintiff has agreed to foreswear recovery from the debtor personally and to look only to the policy proceeds.'" *Id.* (quoting *Matter of Edgeworth*, 993 F.2d at 53-54). The Court went on to make clear that "it was immaterial that neither the physician nor his bankruptcy estate would be personally liable to the plaintiffs." *Id.* As such, this Court finds that the bankruptcy injunction does not terminate Plaintiff's Article III Standing, nor does it deprive this Court of Subject-Matter Jurisdiction.

**B. 28 U.S.C. § 157(b)(5)**

Defendant opposes transfer, in large part because they believe "Plaintiff lacks Article III standing to pursue the claims she seeks to transfer." (Dkt. 40 at p. 2). Having decided that Plaintiff has standing, this Court does not find merit in that argument. Defendant also opposes transfer, saying that this is only permitted where the bankruptcy case is 'pending.' However, this Court finds that because the events in this case occurred in Massachusetts transfer is permissible as that is "the district in which the claim arose." 28 U.S.C. § 157(b)(5); *see also Altman v. Tic United Corp.*, No. 3:01-MC-020-L, 2001 WL 456237, at *2 (N.D. Tex. Apr. 26, 2001) (saying that Section 157(b)(5) permits transfer of "transfer the case to one of two venues: (1) the district where the bankruptcy is proceeding;

or (2) the district where the claim arose. Furthermore, the Court simply noted that the transfer motion itself should be filed in the district court in the district where the bankruptcy was proceeding") (cleaned up); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 431 (5th Cir. 2001) (saying under 28 U.S.C. § 157(b)(5) "a transfer would permit that district court to determine the appropriate venue, either itself or the federal district court in which the respective action arose originally").

Additionally, transfer under Section 157(b)(5) is an issue of venue, which is an area where trial courts have broad discretion.[2] *See Stern v. Marshall*, 564 U.S. 462, 480 (2011) (saying "Section 157(b)(5) does not have the hallmarks of a jurisdictional decree" and "instead address[es] only where personal injury tort claims 'shall be tried.'"); *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) (saying "[w]e review 'all questions concerning venue under the abuse of discretion standard.'") (cleaned up). In general a "trial court is entitled to broad discretion in ruling on motions to transfer venue." *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997). This is because of the distinction "between jurisdiction-the power to adjudicate-and venue-the choice of the place where judicial authority may be exercised for the convenience of the litigants." *United States v. State of Tex.*, 356 F. Supp. 469, 472 (E.D. Tex. 1972), aff'd, 495 F.2d 1250 (5th Cir. 1974). Therefore, because this case arose out of events in Massachusetts and for the convenience of the parties and witnesses, this Court finds that transfer is appropriate. *See*

---

[2] Even if transfer under 157(b)(5) was not appropriate, the Court would have wide discretion to transfer under 28 U.S.C. § 1404. *See Golden Restaurants, Inc. v. Montes*, No. 4:12-CV-266-Y, 2012 WL 13134057, at *2 (N.D. Tex. Sept. 20, 2012) (analyzing both 28 U.S.C. § 157 and 28 U.S.C. § 1404 and granting a transfer).

*Golden Restaurants, Inc. v. Montes*, No. 4:12-CV-266-Y, 2012 WL 13134057, at *2 (N.D. Tex. Sept. 20, 2012) (transferring a case under 28 U.S.C. § 157 and 28 U.S.C. § 1404 because that is where the "alleged accident occurred" and where "[m]ost of the witnesses are located.").

## IV. CONCLUSION

The Court finds that Plaintiff Geisler has standing and that this Court has subject matter jurisdiction. Accordingly, the Court **DENIES IN PART** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. 37). Because this Court finds that transfer is appropriate it will reserve deciding the 12(b)(6) part of the motion (Dkt. 37) for the transferee court. Further, based on 28 U.S.C. § 157(b)(5) and the convenience of parties and witnesses, Plaintiff's Motion to transfer is **GRANTED**. (Dkt. 34). The Court will **TRANSFER** this case to the United States District Court, for the District of Massachusetts, sitting in Boston, Massachusetts.

SIGNED at Houston, Texas on October 21, 2026.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE